James G. Edmiston
Tanis M. Holm
EDMISTON & COLTON LAW FIRM
310 Grand Avenue
Billings, MT  59101
Telephone: (406) 259-9986
Facsimile: (406) 259-1094
E-Mail: jim@yellowstonelaw.com
       tholm@yellowstonelaw.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| JAMAAL HAMPTON, Personal Representative of the Estate of Earlajah Raye Miller,<br><br>              Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | CV _____<br><br><br>**COMPLAINT**<br>**(for non-jury trial pursuant to Federal Tort Claims Act)** |

For his claim against Defendant, Plaintiff states:

### PARTIES

1.     Plaintiff, Jamaal Hampton, is the court appointed Personal Representative of the Estate of Earlajah Miller, a decedent's estate filed in Yellowstone County District Court, Montana.

2.     This action is a Federal Tort Claim against Defendant, United States of America, through its agency the Department of Health and Human Services (DPHHS) which, Plaintiff alleges upon information and belief, either funds, operates or otherwise indemnifies RiverStone Health Clinic, which is a Montana corporation with headquarters in Yellowstone County Montana.

**COMPLAINT - Page 1**

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of this action is based upon 28 U.S.C. §§2675(a) and 1346(b)(1).

4. Venue for this action is proper in this District and Division pursuant to 28 U.S.C. section 1391(a).

5. The relevant acts, decisions, and events giving rise to this claim accrued in Yellowstone County, Montana, and this action is properly filed in the Billings Division.

## FACTS

6. Earlajah Raye Miller was 19 years old on February 2, 2015 when she went to RiverStone Health Clinic in Billings, Montana because of recurrent flank or hip pain. A Physician's Assistant at RiverStone Health Clinic ordered an intramuscular injection of Ketorolac Tromethamine 30 MG/MI (generic Toradol) which a nurse administered at approximately 11:30 a.m. on 02/02/2015. They had her wait for 15 minutes before going home. Earlajah then walked from the clinic, suffered shortness of breath and called 911. The ambulance arrived. She suffered a seizure, ventricular fibrillation, and asystole (flatline) in the ambulance. She was taken to Billings Clinic Hospital Emergency Department where she died at 1:55 p.m. on February 2, 2015 from a pulmonary embolism.

7. The Ketorolac Tromethamine with which Earlajah Miller was injected was from a lot voluntarily recalled by its manufacturer, Hospira, Inc., for contamination with particulate matter as a result of the formation of calcium-Ketorolac crystals. Specifically, the Ketorolac Tromethamine with which Earlajah Raye Miller was injected was from Lot 46-001-DK, which was one of the lots recalled by Hospira due to possible particulate formation which can cause thrombovascular effects.

8. Pulmonary embolism is one thrombovascular effect which results from

particulate/crystalline contaminated Ketorolac Tromethamine.

9. Earlajah Raye Miller's death was caused by the negligent intramuscular injection of particulate/crystalline contaminated Ketorolac Tromethamine on February 2, 2015.

10. In the alternative, Earlajah Raye Miller's death was caused by the medical negligence of RiverStone Health Clinic in negligently failing to diagnose and treat the condition of which Earlajah Raye Miller had previously complained on one prior visit on January 28, 2015 and again presented with on February 2, 2015. If Earlajah Raye Miller was suffering from an emergent medical condition not caused by the Ketorolac Tromethamine injection, she should have been properly diagnosed, hospitalized and treated appropriately instead of being discharged from RiverStone Health Clinic to die within hours. The negligence of RiverStone Health Clinic caused Earlajah Raye Miller's death.

11. Plaintiff filed a Standard Form 95 "Claim for Damage, Injury or Death" with the Department of Health and Human Services on or about January 26, 2017 in the amount of $2,000,000.

12. The Department of Health and Human Services notified Plaintiff by letter dated February 27, 2019 that the claim was denied, which was not acceptable to Plaintiff. Plaintiff then filed a request for reconsideration, which was denied by letter from DPHHS dated December 20, 2019, which indicated that if Plaintiff was dissatisfied with the determination that Plaintiff was entitled to file suit in federal district court within six months of December 20, 2019. Plaintiff is dissatisfied with the final determination of DPHHS.

13. Plaintiff brings suit for wrongful death pursuant to §27-1-513, MCA and requests an award of damages under §27-1-323, MCA to include "damages under all the circumstances of the case as may be just", including damages for grief and sorrow of the survivors of Earlajah Raye

Miller.

14. Plaintiff also brings suit for survivorship and requests an award under §27-1-501, MCA for all available damages including medical expenses, funeral and burial expenses, the present value of Earlajah Raye Miller's reasonable earnings during her normal work life expectancy, as well as damages for extreme fright, physical pain, and mental anguish before her death, and any other damages as may be proven at trial.

WHEREFORE, Plaintiff requests judgment as follows:

1. For wrongful death damages as a result of Defendant's wrongful acts in the amount of $1 million or in such lesser amount as the Court may find in its verdict;

2. For survivorship damages as a result of Defendant's wrongful acts in the amount of $1 million or in such lesser amount as the Court may find in its verdict;

3. For interest, costs, and attorney fees only as may be allowed by law.

DATED this 17th day of June, 2020.

        EDMISTON & COLTON
        Attorneys for Plaintiff

        /s/ James G. Edmiston
        By James G. Edmiston and Tanis M. Holm